# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Owen Thomas Kendrick, | No. CV 1-08-1055-RCC |
| Plaintiff, | **ORDER** |
| vs. | |
| Lieutenant D. Pina, et al., | |
| Defendants. | |

Plaintiff Owen Thomas Kendrick, who is now confined in the California Correctional Institution in Tehachapi, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 concerning events while he was incarcerated in Avenal State Prison (ASP), in Avenal, California. (Doc.# 1.) Plaintiff filed a consent to jurisdiction by a magistrate judge. (Doc.# 5.) He subsequently filed a First Amended Complaint. (Doc.# 14.) Plaintiff also filed a motion to revoke consent to proceed before a magistrate judge. (Doc.# 12.) On November 24, 2008, this case was reassigned to the undersigned district judge. (Doc.# 15.)[1] Most recently, Plaintiff has filed a motion requesting copies of filings in this case since November 2008.[2] (Doc.# 18.) Plaintiff's motion to revoke consent to proceed before a magistrate judge will be denied as moot. (Doc.# 10.) Plaintiff's request for copies of

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] Plaintiff states that his copies of these documents were discarded out of fear for his safety from other inmates, which has now abated.

documents filed in the case since last November will be granted. (Doc.# 18.) The Court will order Defendants Reig, Mobely, and Sandoval to answer Plaintiff's claim of failure to protect contained in the First Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

**II.    First Amended Complaint**

Plaintiff alleges a failure to protect him from inmate sexual assaults. Plaintiff sues the following officers who worked at ASP: Lieutenant Pina; Sergeants Simon, Blackford, and Reig; ISU Sergeant Amoro; Captain Dana Arline; Corrections Officers Anderson, Sandoval, and Mobely; and John Does I-III. Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts in his First Amended Complaint: Plaintiff was moved into bunk "350 215 Low" in a dorm at ASP. Prior to being moved to that bunk, another unidentified inmate (hereafter, "Inmate X"), who disliked homosexuals, had been assigned to that bunk and had attacked a homosexual inmate. Both Inmate X and the assaulted inmate were moved out. After moving into bunk 350 215 Low, Plaintiff was approached by Inmate Ovalles, who told Plaintiff, on behalf of himself and others in the dorm, not to get comfortable because Inmate X would be returning and Plaintiff would then have to give the bunk back to Inmate X. Plaintiff told Ovalles "no" and Ovalles told Plaintiff "We didn't want your[] faggotass in here anyway." (Doc.# 14 at 3.)

Officers Sandoval and Mobely moved Inmate X back into the dorm, despite knowledge that Plaintiff was homosexual and that Inmate X had previously attacked a

homosexual inmate. Plaintiff thereafter repeatedly asked to move out of the dorm due to harassment because he was homosexual, but was "constantly" put off. Officer Sadac granted Plaintiff a bed move, but Sandoval and Mobely moved Plaintiff back when they were next on duty. Sergeant Blackford approved the bed move back to the dorm and refused to meet with Plaintiff about his concerns. Plaintiff repeatedly notified them of continuous daily harassment and disrespect by other inmates based on his homosexuality. Plaintiff states that he was "ultimately sexually assaulted two times," at least one of the times by Ovalles on July 6, 2008. After the second assault, Plaintiff was involved in an altercation, apparently with Ovalles, and sent to administrative segregation for battery on an inmate. (Id. at 5-6.) Plaintiff was only read his rights after Lieutenant Pina and Sergeants Reig and Simon threatened and called him names. Plaintiff agreed to talk with the officers in private, so that he would not be overheard telling them about the rape, but he was not interviewed. When Officer Anderson gave Plaintiff an inmate property inventory to sign, Plaintiff asked Anderson about a bottle that Ovalles had used to rape Plaintiff and Plaintiff asked Anderson to inform Sergeant Reig that he needed a rape kit and would then speak to Reig. No rape examination was performed, although Anderson told Plaintiff that he had informed Reig of the rape. Plaintiff was not examined by the medical staff until the next day after he told Captain Arline of the assault and that he had previously informed Anderson and Reig. Plaintiff was interviewed by Sergeant Stockton before being transported to the hospital. Before that interview, Plaintiff learned that an unidentified lieutenant had told a friend of Plaintiff's, Jake Woolam, that Plaintiff was "ratting" on Ovalles, which if Woolam had repeated would have jeopardized Plaintiff's safety. Plaintiff contends that prison officials repeatedly exposed him to physical harm despite knowing that Plaintiff was a target. As noted above, Plaintiff has since been transferred to Tehachapi.

### III.     **Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.

- 3 -

Ostrander, 879 F.2d 583, 587 (9th Cir. 1989). In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Further, "[v]erbal harassment or abuse . . . is not sufficient to state a constitutional deprivation[.]'" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)). Rather, to state a claim for threats to safety, an inmate must allege *facts* to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (*en banc*). To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

### A. Doe Defendants

Plaintiff sues three Doe Defendants. Plaintiff fails to allege how any particular Doe Defendant allegedly violated his constitutional rights. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. As a

1 practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint or amended complaint upon an anonymous defendant.

The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff may use the discovery processes to obtain the names of the persons whom he believes violated his constitutional rights. If Plaintiff discovers the identities of the fictitious defendants through the discovery process, or otherwise, he may seek leave of the Court to amend to name these individuals.

**B.     Defendants Pina, Arline, Amoro, Simon, Anderson, and Reig**

Plaintiff also sues Defendants Pina, Arline, Amoro, Simon, Anderson, and Reig. Although these Defendants may properly be sued for constitutional violations, Plaintiff fails to state a claim against any of them. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). There is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of a someone who allegedly violated a plaintiff's constitutional rights does not make him liable. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom. See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2001). A supervisor in his individual capacity, "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor, 880 F.2d at 1045.

Plaintiff fails to allege facts to support that these Defendants enacted or enforced a

JDDL

1 policy, custom, or practice that resulted in the denial of Plaintiff's constitutional rights. 2 Further, Plaintiff has not alleged facts to support that these Defendants directly violated his 3 constitutional rights or to support that they were aware that Plaintiff's rights were being 4 violated but failed to act. At most, Plaintiff alleges that Defendants Pina, Reig, and Simon 5 only verbally threatened or harassed him; that does not rise to the level of a constitutional 6 violation. Plaintiff alleges that Anderson asked him to sign a property inventory and that 7 Anderson told him he had informed Reig that Plaintiff wanted a rape kit, without alleging 8 facts to support how Anderson violated his constitutional rights. As to Captain Arline, 9 Plaintiff only alleges that he informed Arline of the assault and then received medical 10 attention; Plaintiff fails to allege facts to support that Arline violated Plaintiff's civil rights. 11 Finally, the only allegations against Amoro are that: the Institutional Security Unit at ASP 12 "traped" Plaintiff into "unknowingly sign a confidential document about [his] sexual assault 13 case and refused when asked Sergeant Amoro for some information he told [Plaintiff] 14 because he signed the paper" he could not have the information. (Id. at 8.) Plaintiff appears 15 to refer to potential criminal prosecution for his rape, but he fails to allege facts to support 16 that Amoro in any way violated Plaintiff's constitutional rights. For the reasons discussed, 17 Defendants Pina, Reig, Simon, Anderson, Arline, and Amoro will be dismissed.

### IV. Claims for Which an Answer Will be Required

Plaintiff sufficiently alleges facts to state a claim for failure to protect against Defendants Mobely, Sandoval, and Blackford. Accordingly, Mobely, Sandoval, and Blackford will be required to respond to the First Amended Complaint. (Doc.# 14.)

### V. Warnings

#### A. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

/ / /

**B. Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5-133(d)(2). Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Defendants Pina, Arline, Amoro, Simon, Anderson, Reig, and Does I-III are **dismissed** without prejudice. (Doc.# 14.)

(2) Defendants Mobely, Sandoval, and Blackford must answer Plaintiff's claims for failure to protect in the First Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (doc.# 14), this Order, a Notice of Submission of Documents form, an instruction sheet, and copies of summons and USM-285 forms for Defendants Mobely, Sandoval, and Blackford.

(4) Within **30 days** of the date of filing of this Order, Plaintiff must complete and return to the Clerk of Court the Notice of Submission of Documents. Plaintiff must submit with the Notice of Submission of Documents: a copy of the First Amended Complaint for each Defendant, a copy of this Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant.

(5) Plaintiff must not attempt service on Defendants and must not request waiver of service. Once the Clerk of Court has received the Notice of Submission of Documents and the required documents, the Court will direct the United States Marshal to seek waiver of service from each Defendant or serve each Defendant.

(6) **If Plaintiff fails to return the Notice of Submission of Documents and the**

1 **required documents within 30 days of the date of filing of this Order, the Clerk of Court**
2 **must, without further notice, enter a judgment of dismissal of this action without**
3 **prejudice.** See **Fed. R. Civ. P. 41(b).**
4     (7)    Plaintiff's motion to revoke consent to proceed before a magistrate judge is
5 **denied** as moot. (Doc.# 12.)
6     (8)    Plaintiff's request for copies of documents filed in this case since November
7 2008 is **granted**. (Doc.# 18.)
8     (9)    The Clerk's Office must mail a copy of docketed filings ## 14-18 to Plaintiff.

11     DATED this 23rd day of March, 2009.

_____
Raner C. Collins
United States District Judge