IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Owen Thomas Kendrick,            )   No. CV 08-1055-RCC
                                 )
    Plaintiff,                   )   **ORDER**
                                 )
vs.                              )
                                 )
                                 )
Blackford, et al.,               )
                                 )
    Defendants.                  )
                                 )
_____)

    Defendants have filed a Motion to Dismiss (Doc. #22) pursuant to Rule 12(b) of the Federal Rules of Civil Procedure for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a).

**NOTICE--WARNING TO PLAINTIFF**

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT[1]***

Defendants' Motion to Dismiss seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence. Moreover, if Defendants produce admissible evidence demonstrating that you

---

[1] Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1  failed to exhaust available administrative remedies, your complaint will be dismissed without
2  prejudice unless your response to Defendants' Motion includes admissible evidence
3  sufficient to show that you exhausted all available administrative remedies or that no
4  administrative remedies were available to you.  Types of admissible evidence may include
5  copies of your grievances, grievance responses and sworn declarations.

6  If the district court concludes that the prisoner has not exhausted administrative
7  remedies, the case will be dismissed without prejudice.  Wyatt, 837 F.3d at 1120.  This means that
8  the case will end.  If plaintiff exhausts administrative remedies at a later date, he may file the case
9  as a new action.  plaintiff may not simply rely on allegations in the complaint.  Instead, plaintiff
10 must oppose the motion by setting forth specific facts in declaration(s) and other evidence regarding
11 the exhaustion of administrative remedies.  See Fed. R. Civ. P. 43(e); Ritza v. Int'l Longshoremen's
12 & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988).  If plaintiff does not submit his own
13 evidence in opposition, the court may conclude that plaintiff has not exhausted administrative
14 remedies and the case will be dismissed.

15 Plaintiff is advised that he has the right to oppose the motion in writing.  Written oppositions
16 must be filed not more than 18 days, plus 3 days for mailing, after the date of service of the motion
17 to dismiss.  Local Rule 78-230(m) provides that the failure to oppose a motion "may be deemed a
18 waiver of any opposition to the granting of the motion . . . ."  This means that the court may deem
19 plaintiff's failure to oppose defendant's motion to dismiss as a waiver, and may recommend that the
20 motion be granted on that basis.

21 If there is some good reason why such facts are not available to plaintiff when required to
22 oppose such a motion, the court will consider a request to postpone considering defendant(s)'
23 motion.  See Rule 56(f).  If plaintiff does not serve and file a request to postpone consideration of
24 defendant(s)' motion or written opposition to the motion, the court may consider plaintiff's failure
25 to act as a waiver of opposition to defendant(s)' motion.  Plaintiff's waiver of opposition to
26 defendant(s)' motion may result in the entry of summary judgment against plaintiff. A motion
27 supported by affidavits or declarations that are unsigned will be stricken.

28

The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default.

**IT IS ORDERED** that Plaintiff must file a response to Defendants' Motion to Dismiss, together with copies of grievances, sworn declarations or other admissible evidence, no later than Friday July 2, 2010.

**IT IS FURTHER ORDERED** that Defendants may file a reply within 15 days after service of Plaintiff's response.

**IT IS FURTHER ORDERED** that the Motion to Dismiss will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 14th day of June, 2010.

_____
Raner C. Collins
United States District Judge