IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owen Thomas Kendrick,<br><br>    Plaintiff,<br><br>vs.<br><br>Lieutenant D. Pina, et al.,<br><br>    Defendant. | No. 1:08-CV-1055-RCC<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss (Doc. 22). The issue has been fully briefed, and the Court now denies the motion for the reasons discussed below.

**I.     Motion to Dismiss**

Plaintiff filed his Complaint on July 23, 2008 and an Amended Complaint on November 7, 2008, alleging that Defendants Blackford, Mobley and Sandoval violated his Eighth Amendment rights by failing to protect him from sexual assaults by other inmates. (Docs. 1 & 14). Plaintiff alleges that, after repeatedly asking to move out of a dormitory because of harassment by other inmates, he was sexually assaulted by an inmate in that dormitory on June 26 and 27, 2008. Plaintiff further alleges that Defendants did not properly investigate the attacks. Plaintiff submitted a grievance regarding the incident on July 8, 2008.

Under the PLRA, a prisoner must exhaust available administrative remedies before

bringing a federal action concerning prison conditions. See 42 U.S.C. § 1997e(a); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001). And a prisoner must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 548 U.S. 81, 92 (2006). If a prisoner fails to exhaust his remedies prior to filing, dismissal without prejudice is required. Vaden v. Summerhill, 449 F.3d 1047 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th Cir. 2002).

Exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 212 (2007). Thus, the defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20.

Plaintiff here admits that he filed his Complaint prior to exhausting his administrative remedies; however, he claims he should be exempt from this requirement, because he did not have access to the administrative remedy process. (Doc. 32). He claims that he was denied access through (1) the untimely response of prison staff to his grievances, and (2) threats of retaliation made by staff for filing grievances. Id.

As to the first, Plaintiff commenced this action before the prison's time to answer his grievance ran. As Plaintiff noted, staff had 30 working days to answer his grievance. Id. He filed this action 15 days after he filed his grievance. Plaintiff cannot claim that staff delays in processing his grievance denied him access to the administrative remedy process when there was no delay at the time he filed this action.

As to the second, Plaintiff general allegations that someone at the prison threatened to retaliate against him are not sufficient. Plaintiff does not identify any of the specifics regarding these threats, and, without more, the Court is unable to conclude that Plaintiff plausibly qualifies for an exception to the exhaustion requirement. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1953 (2009).

The Court finds that Defendants provided evidence of the existence of a grievance procedure, that Plaintiff failed to exhaust his remedies under the procedure, and that Plaintiff has not offer a sufficient reason for his failure.

**II.     Leave to Amend**

Plaintiff may amend his Complaint. He must clearly designate on the face of the document that it is a "Second Amended Complaint". The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint by reference. Plaintiff must describe each ground for relief and the facts supporting each ground.

An amended complaint supersedes an original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat all prior Complaints as nonexistent. Ferdik, 963 F.2d at 1262. Any ground for relief that was raised in a prior Complaint is waived if it is not raised in the Second Amended Complaint. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**III.    Warnings**

**A.     Address Changes**

Plaintiff must file and serve a notice of any change of address. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B.     Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**C.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss the action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

1  **IT IS ORDERED** granting Defendants' Motion to Dismiss (Doc. 22).

2  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Deny (Doc. 32).

3  **IT IS FURTHER ORDERED** dismissing this action without prejudice. Plaintiff may file an Amended Complaint on or before **June 6, 2011**.

5  **IT IS FURTHER ORDERED** that the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff, if Plaintiff fails to file an Amended Complaint on or before **June 6, 2011**.

DATED this 5th day of May, 2011.

Raner C. Collins
United States District Judge