IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Owen Thomas Kendrick,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Lieutenant D. Pina, et al.,<br><br>　　　　Defendant. | No. 1:08-CV-1055-RCC<br><br>**ORDER** |

　　　　Plaintiff Owen Thomas Kendrick, who is now confined in Wasco State Prison in Wasco, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 concerning events while he was incarcerated in Avenal State Prison (ASP) in Avenal, California. (Docs. 1 & 14). As required by 28 U.S.C. § 1915A(a), the Court screened the Amended Complaint, found Plaintiff sufficiently alleged facts to state a claim for failure to protect against Defendants Mobely, Sandoval, and Blackford, and called for an answer. (Doc. 19). Thereafter, the Court dismissed the action on Defendants' motion because Plaintiff failed to exhaust his administrative remedies prior to filing this action. (Doc. 35). The Court granted Plaintiff leave to amend. (Id.) Plaintiff has now filed his Second Amended Complaint. (Doc. 36).

**I.     Statutory Screening of Prisoner Complaints**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against

1   a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. §
2   1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised
3   claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
4   be granted, or that seek monetary relief from a defendant who is immune from such relief.
5   28 U.S.C. § 1915A(b)(1), (2).

## II.    Second Amended Complaint

Plaintiff alleges a failure to protect him from inmate sexual assaults. Plaintiff sues Sergeant Blackford, and Corrections Officers Sandoval and Mobely. Plaintiff seeks injunctive, compensatory, and punitive relief.

Plaintiff alleges the following facts in his Second Amended Complaint: Plaintiff was moved into bunk "350 215 Low" in a dorm at ASP. Plaintiff repeatedly asked Defendants Mobely and Sandoval for a bed move. He was raped by another inmate on June 26, 2008, but did not report the incident because he had obtained a bed move from another corrections officer on a different shift. Defendants Mobely and Sandoval moved Plaintiff back the next day and refused to reconsider even when Plaintiff informed them of "the hostile treatment of my dorm[.]" Defendants Mobely and Sandoval told Plaintiff he was "in check" in his first dorm, and Defendant Mobely told Plaintiff he was being moved back to that dorm "because he did not want any of my faggot shannagans going on in that or any other dorm[.]" Plaintiff then sought out Sergeant Blackford, who had approved the bed move back to the dorm, but he refused to meet with Plaintiff about his concerns.

The same inmate attempted to rape Plaintiff again on July 6, 2008, but Plaintiff was able to fight him off. The next day, Plaintiff got into a fight with his rapist and was sent to administrative segregation for battery. Plaintiff informed Corrections Officer Anderson of evidence relating to the incident in Plaintiff's locker and his need for a rape kit. He received treatment for his injuries two days later, but was not interviewed about the rape.

## III.   Sufficiency of the Second Amended Complaint

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state

- 2 -

1 law and (2) the conduct deprived him of a federal constitutional or statutory right. Wood v.
2 Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional
3 claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of
4 a particular defendant and he must allege an affirmative link between the injury and the
5 conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

6 Prison officials are required to take reasonable measures to guarantee the safety of
7 inmates, and officials have a duty to protect prisoners from violence at the hands of other
8 prisoners.  Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Frost v. Agnos, 152 F.3d 1124,
9 1128 (9th Cir. 1998).  To state a claim for threats to safety, an inmate must allege facts to
10 support that he was incarcerated under conditions posing a substantial risk of harm and that
11 prison officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost,
12 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991)
13 (en banc). To adequately allege deliberate indifference, a plaintiff must set forth facts to
14 support that a defendant knew of, but disregarded, an excessive risk to inmate safety.
15 Farmer, 511 U.S. at 837.

16 Plaintiff sufficiently alleges facts to state a claim for failure to protect against
17 Defendants Mobely, Sandoval, and Blackford. Accordingly, Mobely, Sandoval, and
18 Blackford will be required to respond to the Second Amended Complaint.

19 **IV.    Warnings**

20     **A.    Address Changes**

21 Plaintiff must file and serve a notice of any change of address in accordance with Rule
22 83-182(f) and 83-183(b) of the Local Rules of Civil Procedure.  Plaintiff must not include
23 a  motion for other relief with a notice of change of address.  Failure to comply may result
24 in dismissal of this action.

25     **B.    Copies**

26 Plaintiff must submit an additional copy of every filing for use by the Court.  Failure
27 to comply may result in the filing being stricken without further notice to Plaintiff.  See
28 LRCiv 5-133(d)(2).


1  **C.     Possible Dismissal**

2   If Plaintiff fails to timely comply with every provision of this Order, including these
3  warnings, the Court may dismiss the action without further notice. See Ferdik v. Bonzelet,
4  963 F.2d 1258, 1260-61 (9th Cir. 1992).

5   **IT IS ORDERED** that Defendants Mobely, Sandoval, and Blackford must answer
6  Plaintiff's claims for failure to protect in the Second Amended Complaint on or before
7  **October 24, 2011**.

8   **IT IS FURTHER ORDERED** discharging the Order to Show Cause issued on
9  August 5, 2011.  (Doc. 37).

10   DATED this 25th day of August, 2011.

Raner C. Collins
United States District Judge