IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Owen Thomas Kendrick,<br><br>           Plaintiff,<br><br>vs.<br><br>Lieutenant D. Pina, et al.,<br><br>           Defendant. | No. 1:08-CV-1055-RCC<br><br>**ORDER** |

Plaintiff Owen Thomas Kendrick, who is now confined in the California Correctional Institution in Tehachapi, California, filed a Second Amended Complaint pursuant to 42 U.S.C. § 1983 concerning events that occurred while he was incarcerated in Avenal State Prison in Avenal, California. (Doc. 36). The Court screened the complaint and called for a response by October 24, 2011. (Doc. 40). An answer was not filed timely, and Plaintiff filed the now pending Motion for Default Judgment on November 7, 2011. (Doc. 41). For the reasons set out below, the Court will deny the motion.

Fed.R.Civ.P. 55 governs the entry of default and default judgment. Specifically, Rule 55(a) instructs that a clerk must enter default against a party who has "failed to plead or otherwise defend" in the action. Fed.R.Civ.P. 55(a). The entry of default by the clerk is a necessary "prerequisite to an entry of default judgment." <u>Vongrabe v. Spint PCS</u>, 312 F.Supp.2d 1313, 1318 (S.D.Cal. 2004). A default, however, does not automatically entitle

a plaintiff to a default judgment. See Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986). The Court should consider seven factors in determining whether to grant a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Id. at 1471-72.

Here, Plaintiff did not apply first to the clerk for entry of default. Therefore, the Court cannot entertain his Application for Default Judgment. Even if the Court were inclined to entertain the motion, the Court would deny the motion because the Eitel factors weigh against entry of default judgment. Id. Plaintiff will suffer no prejudice from Defendants' late filing because the delay was less than one month, and Defendants' counsel has demonstrated the failure to timely answer was due to her excusable neglect. Accordingly,

**IT IS ORDERED** denying Plaintiff's Application for Default Judgment. (Doc. 41).

DATED this 29th day of November, 2011.

_____
Raner C. Collins
United States District Judge