1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE DISTRICT OF CALIFORNIA

8

9   Owen Thomas Kendrick,                     )    No. 1:08-CV-1055-RCC
                                              )
10            Plaintiff,                       )    **AMENDED ORDER**
                                              )
11   vs.                                       )
                                              )
12                                             )
     Lieutenant D. Pina, et al.,               )
13                                             )
              Defendant.                       )
14                                             )
                                              )
15   _____)

16        A review of the docket in this matter reveals Plaintiff has filed several motions as of

17   late, including Motion for Subpoenas, Motion for Preliminary Injunction, Request for Clerk

18   to Stamp Subpoena for Plaintiff Appearing in Pro Per, and Motion for the Courts to Notify

19   Defendants Their 12(b) Motion Deadline Has Passed.  (Docs. 49, 50, 51 and 52).  For the

20   reasons set out below, the Court will deny the motions.

21   **A.  Motions Regarding Subpoenas (Docs. 49 and 50)**

22        In Plaintiff's Motion for Subpoenas, he asked the Clerk of Court to advise him whether

23   he had to submit his subpoenas to the Court for stamp or signature or whether he could sign

24   them himself.  (Doc. 49).  In his Request for Clerk to Stamp Subpoena for Plaintiff

25   Appearing in Pro Per, Plaintiff informed the Court that Defendants returned his signed

26   subpoenas because they were not signed by an attorney or judge or stamped by the Clerk of

27   Court. (Doc. 51).  It appears from the copies of the subpoenas supplied by Plaintiff that they

28   are not in compliance with Rule 45(a)(3) because they are not signed by an attorney or the

1  Court and are not stamped by the Clerk of the Court.  In addition, it appears the documents

2  are not true subpoenas, but rather requests for production of documents, because they do not

3  require the production of documents "at a specified time and place".  See FED.R.CIV.P.

4  45(a)(1)(A)(iii); FED.R.CIV.P. 34.  Accordingly, the Court will decline the relief requested.

5  If Plaintiff still requires the documents requested, he should resubmit the request in the

6  proper form.

7  **B.  Motion for Preliminary Injunction**

8      Plaintiff moves the Court for a preliminary injunction and alleges he "is being deprived

9  proper medical treatment" which "prohibits her from being able to continue with proper

10  litigation."  (Doc. 50 at 1). Plaintiff's allegations mainly concern the actions of unnamed

11  members of the prison's medical staff.  The Court does not have personal jurisdiction over

12  these staff members and, therefore, has no power to enjoin their actions.  Zepeda v. United

13  States I.N.S., 753 F2d 719, 727 (9th Cir. 1983).

14  **C.  Notification of Deadlines**

15      Plaintiff asks the Court to remind Defendants of the deadline to file a Rule 12(b) motion

16  because the deadline has passed and he has not received such a motion. (Doc. 52).

17  Defendants were made aware of the deadline by the Scheduling Order (Doc. 47), and the

18  Court sees no need to remind either party of deadlines already set out.

19      **IT IS ORDERED** denying Plaintiff's Motion for Subpoenas, Motion for Preliminary

20  Injunction, Request for Clerk to Stamp Subpoena for Plaintiff Appearing in Pro Per, and

21  Motion for the Courts to Notify Defendants Their 12(b) Motion Deadline Has Passed. (Docs.

22  49, 50, 51 and 52).

23      DATED this 7th day of March, 2012.

24

25

26

27  _____

28  Raner C. Collins
    United States District Judge