IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Owen Thomas Kendrick,<br><br>           Plaintiff,<br><br>vs.<br><br>Lieutenant D. Pina, et al.,<br><br>           Defendants. | No. 1:08-CV-1055-RCC<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion (Doc. 68) asking the Court to set aside its August 30, 2012 order dismissing his case. For the following reasons, the Court will grant Plaintiff's motion.

**I.  Background**

On May 24, 2012 mail sent to Plaintiff by the Clerk of Court was returned as undeliverable. Accordingly and pursuant to Local Rule 183(f), the Court ordered this action dismissed without prejudice on August 30, 2012. (Doc. 63). The Court further ordered all pending motions (Docs. 54, 56, 57, 61 and 62) denied as moot.

On November 28, 2012 Plaintiff filed a motion requesting the Court re-serve him with any motions or other documents that had been filed since his release. (Doc. 65). Plaintiff explained that he was discharged from Wasco State Prison on May 11, 2012, and had not received copies of any of the documents filed in this case since his release. Plaintiff also claimed he was unaware if a judgment had been entered against him. The Court granted

Plaintiff's motion and ordered the Clerk of Court to serve Plaintiff with copies of all documents filed in this action since Plaintiff's release.

On December 26, 2012 Plaintiff filed a motion (Doc. 68) seeking relief under Fed. R. Civ. P. 60(b)(1), asking the Court to set aside its August 30, 2012 judgment dismissing his case. Plaintiff noted that after his release from prison, he ran out of medication in 30 days, and had no access to mental health care. He states that he hears voices, and has extreme flashbacks and hallucinations that render him completely incapable of functioning normally or even comprehending normal daily routines. (Doc. 68 at 2). He states that he was suffering from these effects from June 2012 (when he ran out of medication) until September 2012 when he was reincarcerated at Santa Barbara County Jail, and that he did not get back on medication until October 2012. Since resuming his medication, Plaintiff states he is now "halfway functional." Plaintiff states that he can now try to resume prosecuting his case.

Plaintiff also states that he intended to obtain a mailing address and notify the Court but was incapacitated by his mental disability. He further states that at the time he was homeless with no address to provide. Plaintiff also states that he believed that under Local Rule 183 he had 6 months to notify the Court of his new address, and that he believed he did provide notice within that time frame.[1]

Plaintiff argues Rule 60(b) relief is warranted and that he is entitled to have the judgment against him set aside because his mental illness falls under Rule 60(b)'s "excusable neglect" provision. Defendants disagree and argue that the Court properly dismissed this action for Plaintiff's failure to prosecute and failure to comply with the Court's orders. Defendants also argue Plaintiff's noncompliance with the Court's orders does not constitute excusable neglect under Fed. R. Civ. P. 60(b)(1).

**II.   Law**

Federal Rule of Civil Procedure 60(b) provides for relief from a judgment or order

---

[1] Local Rule 183 actually requires notice of address change to be submitted within 60 days.

based on certain enumerated grounds. Under Rule 60(b)(1), the Court may relieve a party from a final judgment or order due to the party's mistake, inadvertence, surprise, or excusable neglect. Rule 60(c) further provides that motions under Rule 60(b)(1) must be made within a reasonable time, and no more than a year after entry of the judgment or order. Because Plaintiff filed his motion four months after entry of the Court's order closing his case, the motion is timely.

Rule 60(b) is "remedial in nature ... and must be liberally applied." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001)(citation omitted). "[W]here there has been *no* merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute." *Id*. at 696 (emphasis in original); see also *U.S. v. Iscandari*, 2012 WL 2568187, *2 (N.D. Ca.).

To determine whether a party's neglect is excusable under Rule 60(b)(1), the court applies an equitable test, taking all relevant circumstances into account. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The Court considers four factors:

1. The danger of prejudice to the non-moving party
2. The length of delay and potential impact on judicial proceedings
3. The reason for the delay and whether it was in reasonable control of the movant
4. Whether the movant acted in good faith.

*I*d.

Courts have noted a variety of situations where neglect is excusable under Rule 60(b). For example, whether the movant has a credible, good faith explanation negating any intention to take advantage of the opposing party is a relevant consideration. *TCI*, 244 F.3d at 697. Similarly, a knowing failure to answer, when made for understandable reasons, and not made to obtain a strategic advantage, is excusable. *Id*. at 698. Omissions of a pro se defendant may also constitute excusable neglect. *Briones*, 116 F.3d at 381. In *TCI*, the court also noted that "[t]he defendant's or counsel's physical or mental illness is a common ground for finding conduct non-culpable when considering whether to lift a default judgment." *TCI*,

- 3 -

244 F.3d at n. 5. Courts in other states have specifically found mental illness sufficient to constitute excusable neglect. *Stirm v. Puckett*, 107 Idaho 1046, 695 P.2d 431 (1985) (setting aside default judgment against defendant apparently impaired by mental illness); *Brothers v. Brothers*, 71 Mont. 378, 230 P. 60 (1924) (setting aside default judgment where defendant had continuing mental health problems).

While "[n]either ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)," *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir.1992), application of Rule 60(b)(1)'s excusable neglect standard is ultimately committed to the discretion of the district courts. *Brandt*, 653 F.3d at 1112.

**III.   Analysis**

It is apparent from the docket history in this case that Plaintiff does understand his obligation to inform the Court of changes in his address: he has submitted several notices of address change prior to his release and since his recent reincarceration at the Santa Barbara County Jail. Thus, the Court presumes Plaintiff was aware of this Court's orders and has shown a willingness to comply with those orders, and was not ignorant of his duty to provide notice of address changes. However, the Court also presumes Plaintiff's mental illness affected his ability to comply with court orders when he was released and did not have access to mental health services.

Plaintiff also stated he thought he had 6 months, not 60 days, to notify the Court of address changes. While ignorance and carelessness are not sufficient to constitute excusable neglect, *Engleson*, 972 F.2d at 1043, the Court should consider a party's pro se status and lack of familiarity with court rules in considering whether to set aside a judgment. *Briones*, 116 F.3d at 381; *TCI*, 244 F.3d at 698.

The Court has also considered the four factors enumerated in *Briones*. First, the Court considers the danger of prejudice to the non-moving party. The Court finds little, if any, prejudice to the Defendants. The parties had engaged in little discovery prior to the Court's dismissal, and it is unlikely Defendants spent considerable time or money defending the

action once the first notice of "mail returned undeliverable" was docketed**.**

Second, the Court considers the length of the delay and the impact on judicial proceedings. Here, Plaintiff was released on May 11, 2012. He was required to submit notice of his new address by July 11, 2012, but did not contact the Court until November 28, 2012. Thus, Plaintiff was over 4 months late in informing the Court of his new address. While this does constitute a delay, the Court finds this length of time reasonable given Plaintiff's alleged mental illness and homelessness. The delay is also still well within the 1 year time limit for filing a Rule 60(b) motion. The Court issued its order dismissing the case on August 30, 2012, and Plaintiff filed his Rule 60(b) motion on December 26, 2012, right after he was served with a copy of the dismissal order on December 19, 2012.

Third, the Court considers the reason for the movant's delay and whether it was in reasonable control of the movant. Here, Plaintiff states the reason for his delay was because he ran out of medication 30 days after his release, did not have access to mental health services, and was homeless and therefore had no address to provide the Court. While Defendants suggest Plaintiff could have contacted the Court during those first 30 days of his release when he was still on medication, Plaintiff may have felt it was pointless because he had no address to provide the Court. Further, though not supported by evidence, Plaintiff contends his mental disability is such that he is completely unable to function when not receiving treatment.

Finally, the Court considers whether the movant acted in good faith. As the court noted in *Iscandari*, for neglect to be inexcusable, the "movant must have acted with bad faith; simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable." *Iscandari*, 2012 WL 2568187 at *3. Here, the Court notes Plaintiff was homeless from the time of his release until his incarceration at Santa Barbara County Jail and therefore had no address to provide the Court with, and that his alleged mental health symptoms prevented him from functioning such that he was unable to actively prosecute his case. There is no evidence to suggest Plaintiff acted in bad faith in his failure to comply with the Court's orders.

1  Considering all of the relevant circumstances in this case, the Court finds the factors
2 weigh in favor of granting Plaintiff's Rule 60(b) motion.

3 **IV.    Conclusion**

4  The Court has great discretion in considering whether to grant a motion for Rule 60(b)
5 relief. The Court has considered all of the relevant circumstances at issue here, and finds
6 Plaintiff's failure to comply with the Court's orders is excusable due to his homelessness and
7 mental illness. Accordingly,

8  **IT IS HEREBY ORDERED** granting Plaintiff's Motion to Set Aside Judgment
9 Pursuant to Fed. R. Civ. P. 60(b). (Doc. 68).

10  **IT IS FURTHER ORDERED** vacating the Court's order dismissing this action
11 (Doc. 63), and vacating the judgment entered August 30, 2012 (Doc. 64).

12  **IT IS FURTHER ORDERED** denying Plaintiff's Motion (Doc. 54) requesting an
13 order on Plaintiff's motion for preliminary injunction as moot.

14  **IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel Discovery
15 (Doc. 56).

16  **IT IS FURTHER ORDERED** granting the following motions: Plaintiff's Motion to
17 Extend Court Deadlines (Doc. 57), and Defendants' Motions to Extend Dispositive Motion
18 Deadline (Docs. 61 and 62). The new discovery cut-off date shall be **August 5, 2013.** The
19 new dispositive motion deadline shall be **September 30, 2013.** All other provisions of the
20 Court's November 29, 2011 scheduling order shall remain in effect.

21  DATED this 13th day of May, 2013.

Raner C. Collins
United States District Judge