IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Owen Thomas Kendrick,<br><br>    Plaintiff,<br><br>vs.<br><br>Lieutenant D. Pina, et al.,<br><br>    Defendants. | No. 1:08-CV-1055-RCC<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss the Amended Complaint (Doc. 73). The issue has been fully briefed, and neither party has requested oral argument. For the following reasons, the Court will grant the motion.

**I.    Background**

Plaintiff filed his Complaint on July 23, 2008 and an Amended Complaint on November 7, 2008, alleging that Defendants Blackford, Mobley and Sandoval violated his Eighth Amendment rights by failing to protect him from sexual assaults by other inmates. (Docs. 1 & 14). Following a Motion to Dismiss by Defendants (Doc. 22), the Court dismissed Plaintiff's Amended Complaint with leave to amend (Doc. 35). Plaintiff filed his Second Amended Complaint on June 1, 2011. (Doc. 36). Plaintiff alleges that, after repeatedly asking to move out of a dormitory because of harassment by other inmates, he was sexually assaulted by an inmate in that dormitory on June 26 and 27, 2008. Plaintiff further alleges that Defendants did not properly investigate the attacks. Plaintiff submitted a

1 grievance regarding the incident on July 8, 2008.

2 On August 30, 2012, the Court dismissed this action without prejudice due to Plaintiff's failure to prosecute and notify the Court of his change in address. (Doc. 63). After Plaintiff filed a Rule 60(b) motion to set aside the judgment (Doc. 68), the Court reopened this matter on May 13, 2013. (Doc. 71).

## II.   Motion to Dismiss

Defendants filed their Motion to Dismiss on May 28, 2013 (Doc. 73). Defendants allege Plaintiff failed to exhaust his available administrative remedies before filing suit, and request the Court dismiss this matter without prejudice.

### A. Law

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with  respect to prison conditions under section 1983 of this title, or any other Federal law," unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense, and "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Lira v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005). The defendant bears the burden of raising and proving the absence of exhaustion, *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), and the defense is waived if the defendant does not raise it, *Lira*, 427 F.3d at 1171. Further, in some cases the plaintiff's obligation to exhaust administrative remedies may be excused when it is clear that no further relief is available. *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005)(citing *Booth*, 532 U.S. 731, and cases from the 2nd, 7th, and 10th circuits).

To satisfy exhaustion, an inmate must exhaust the grievance procedures established by the prison in which the inmate is housed. *Jones*, 549 U.S. at 218. Under California law, inmates may appeal "any departmental decision, action, condition, or policy which they can

1 demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. Tit. 15, §
2 3084.1(a). The California Department of Corrections and Rehabilitation's ("CDCR")
3 grievance process is comprised of a four-tier hierarchy. Cal. Code Regs. Tit. 15 § 3084.5. An
4 inmate must complete all four levels of the appeal process to satisfy the PLRA's exhaustion
5 requirement. Further, the grievance must alert prison officials to the claims the plaintiff has
6 included in his complaint. *Porter*, 534 U.S. at 525.

Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119–20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir.1988) (quotation omitted).

**B. Analysis**

Plaintiff filed a grievance on July 8, 2008. On September 24, 2008, the second level response was issued, partially granting Plaintiff's grievance.[1] The response stated that "[a]llegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted." (Doc. 73 Ex. A). As Defendants note in their motion, Plaintiff filed the present suit on July 23, 2008, two months before the second level response was issued.

In his response, Plaintiff states that he is unable to defend against the motion because he does not possess the necessary documents and affidavits needed to do so. Plaintiff also cites Rule 56(f) for the proposition that the Court should allow him additional time to conduct discovery or obtain affidavits in order to present the facts necessary to defend

---

[1] Because it was a staff complaint, the grievance was bypassed at the informal and first formal levels of review. (Doc. 73 at 4).

- 3 -

1  against the Defendants' motion. The Court notes that Plaintiff likely intends to cite to Rule
2  56(d), Fed.R.Civ.P., and not Rule 56(f). However, Rule 56 is inapplicable to the present
3  motion because it applies to motions for summary judgment, not motions to dismiss.

4  Nowhere in his response does Plaintiff actually allege that he did in fact exhaust his
5  administrative remedies prior to filing suit. Rather, Plaintiff suggests that if allowed to
6  conduct discovery, he can provide a signed letter from the Chief Inmate Appeals Officer that
7  at some point his administrative remedies were exhausted. In support, Plaintiff includes an
8  exhibit of a letter to the Chief Inmate of Appeals stating "I need to know if appeal log # Asp-
9  m-08-02377 has in fact been exhausted." (Doc. 75 Ex. A). Plaintiff further states if allowed
10 to conduct discovery, he "would more than likely be able to prove compliance with the
11 exhaustion rules." (Doc. 75 at 2). Thus, it seems Plaintiff himself is unsure whether he has
12 met the exhaustion requirement or not. Moreover, the PLRA requires that administrative
13 remedies must be exhausted *prior to filing suit*, and nowhere does Plaintiff claim that he has
14 complied with this rule.

15 It is also notable that when Defendants filed their original motion to dismiss for failure
16 to exhaust (Doc. 22), Plaintiff admitted that he filed his complaint prior to exhausting his
17 administrative remedies. However, at that time Plaintiff claimed he should be exempt from
18 the exhaustion requirement because he did not have access to the administrative remedy
19 process. (Doc. 32). The Court rejected this claim and found Plaintiff did not qualify for an
20 exception to the exhaustion requirement. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

21 Based on the parties' arguments and available evidence, the Court finds that
22 Defendants have shown the existence of a grievance procedure, that Plaintiff failed to
23 exhaust his remedies under the procedure prior to filing this action, and that Plaintiff has not
24 offer a sufficient reason for his failure.

25 **III. Conclusion**
26 Accordingly,
27 **IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss (Doc. 73).
28 **IT IS FURTHER ORDERED** this action is dismissed without prejudice. The Clerk

- 4 -

shall enter judgment accordingly.

**IT IS FURTHER ORDERED** The Court declines to issue a Certificate of Appealability because reasonable jurists would not debate the Court's ruling on this matter.

DATED this 25th day of February, 2014.

_____
Raner C. Collins
Chief United States District Judge